[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10538
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00482-TWT-JFK-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYNE CUNNINGHAM,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 25, 2013)

Before CARNES, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Wayne Cunningham appeals his 87-month sentence after pleading guilty to one count of bank fraud and one count of aggravated identity theft. See 18 U.S.C. §§ 1028A(a)(1) and 1344. He claims that the district court clearly erred by applying a three-level role enhancement under United States Sentencing Guideline § 3B1.1(b) for being a manager or supervisor.

## I.

Cunningham's sentence stems from his role in a bank fraud scheme. The scam was relatively simple. Gafor Balogun would gain access to individuals' credit reports through a credit-reporting website, look for businesses' names on images of deposited checks, and then use state websites to obtain the businesses' tax identification numbers and the names of their owners. He gave that information to "suppliers" who would recruit "runners" to go to various banks and withdraw funds from the businesses' accounts through cash withdrawals, negotiated unauthorized cashier checks, and wire transfers. The runners used fake identification obtained by Balogun. After each withdrawal, the funds were divvied up. Runners got $500 per withdrawal. Balogun and the supplier split the remainder, with the supplier typically taking at least fifty percent and Balogun taking about thirty-five percent.

Balogun had at least two suppliers who ran their own separate groups under his general supervision. Cunningham worked as a runner in Christian Okafor's

2

group.  But Cunningham did more than a typical runner:  He recruited others to join Okafor's group as runners.

Following his indictment by a federal grand jury, Cunningham pleaded guilty to one count of bank fraud and one count of aggravated identity theft.  See 18 U.S.C. §§ 1028A(a)(1) and 1344.  The presentence investigation report calculated a base offense level of 7 under U.S.S.G. § 2B1.1(a)(1).  It added 12 levels under § 2B1.1(b)(1)(G) because the loss was greater than $200,000 but less than $400,000, and added 3 levels under § 3B1.1(b) because Cunningham was a "manager or supervisor" of the bank fraud scheme and it involved more than five participants.  The PSR subtracted 3 levels under § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 19.  That offense level combined with his criminal history category of VI to give Cunningham a guidelines range of 87 to 102 months.

Cunningham objected to the three-level role enhancement, arguing that he had only recruited runners into the scheme and more is required to warrant the enhancement.  The district court overruled Cunningham's objection, finding that his recruitment of others into the scheme was sufficient.  The court then sentenced him to 87 months imprisonment.  This is his appeal.

**II.**

3

Cunningham's sole contention is that he should not have received a three-level enhancement under U.S.S.G. § 3B1.1(b) because his only managerial act was recruiting other runners to join the bank fraud scheme. We review only for clear error the sentencing court's decision to impose that aggravating role enhancement. United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002).

The guidelines require a three-level enhancement to a defendant's base level offense if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The guidelines commentary explains that district courts may consider a number of factors in assessing the defendant's role in the offense, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Id., comment. (n.3). The commentary factors "are merely considerations for the sentencing judge," so there is no requirement that a certain number of factors be present for the enhancement to apply. United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation marks omitted). There must, however, ultimately be an "exertion of some degree of control, influence, or leadership." Id. (quotation marks omitted).

4

Cunningham argues that he did not exercise the necessary degree of control, influence, or leadership because he did not have any authority over others' actions after he recruited them into the bank fraud scheme.  But the "influence" he exerted over individuals by recruiting them into the scheme was enough for § 3B1.1(b) to apply.  See United States v. Thomas, 446 F.3d 1348, 1355 n.2 (11th Cir. 2006) (finding no clear error where the defendant received a role enhancement under § 3B1.1(a) based solely on the fact that he recruited others into the conspiracy).  The district court therefore did not clearly err in applying a three-level enhancement under U.S.S.G. § 3B1.1(b).

**AFFIRMED.**